UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | : | May 2, 2025 |

## MOTION FOR RELEASE FROM CUSTODY

The defendant, James Schwab, through counsel, respectfully moves this Court pursuant to 18 U.S.C. § 3142, for an order granting release pending trial.

## INTRODUCTION

On January 29, 2025, Mr. Schwab was arrested in California and presented before the Magistrate Judge in the Central District of California at a Rule 5 hearing. A bond package was proposed at Mr. Schwab's initial presentment, but the Magistrate Judge in California determined that the District of Connecticut was best suited to address whether bond should be granted in this case. Mr. Schwab spent several weeks being transferred from California to Connecticut, and he appeared for his arraignment on March 7, 2025. Accordingly, the instant motion for release from custody is the Court's first opportunity to address the proposed bond package on its merits

Mr. Schwab respectfully submits that the proposed bond package and conditions detailed herein are more than sufficient to reasonably secure his presence as required as to ensure the safety of the community. Mr. Schwab has no criminal history. He is a United States citizen with extensive family support. The proposed conditions include a location monitoring program, and monitoring software on any device that can access the internet. This package mitigates any risk of flight by securing his appearance with substantial assets belonging to his family, and by the knowledge that a failure to appear at any Court proceedings would be devastating to the people he loves.

Mr. Schwab proposes the following bond package, the complete details of which have been forwarded to the United States Probation Office and to the Government:

- Release to the residence of family members in Georgia where he will participate in a location restriction program (either home incarceration or home detention);

- Mr. Schwab's family members, who have been identified to the United States Probation Office and the Government, will act as third-party custodians;

- Mr. Schwab will sign a personal recognizance bond co-signed by his third-party custodians. The bond will be secured by the personal residence of his custodians, which is unencumbered and valued at approximately $850,000;[1]

- Mr. Schwab's passport was seized at the time of his arrest. He will not actively attempt to obtain a passport or other international travel documentation;

- Mr. Schwab will avoid all contact, directly or indirectly, with any person known to him to be a victim or witness in this investigation or prosecution, as well as any co-defendants listed in the indictments for any related case;

- Mr. Schwab will agree to limitations on his access to the internet and electronic devices, including the installation of monitoring software on any electronic device, including but not limited to cell phones, iPads, or computers. He would cover the full cost of the monitoring software;

- Mr. Schwab's travel will be restricted to the District of Connecticut and the Northern District of Georgia.

Mr. Schwab submits that these stringent conditions of release should alleviate any of the Court's concerns about his release.

I.  **STANDARD FOR RELEASE OR DETENTION**

The Bail Reform Act governs pretrial detention. 18 U.S.C. §§ 3141 *et seq*. The general rule is that the Court "shall order the pretrial release of" a defendant unless the Court finds that "no condition

---

[1] A title search has been completed, but the appraisal is still in process. Mr. Schwab proposes that the amount of bond be consistent with the final appraisal amount. The value stated here is based on a recent informal estimate. Undersigned counsel will update the Court, the Government, and the United States Probation Office as soon as the appraisal is complete.

or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(b). Even when there is a risk of flight, the law requires pretrial release "subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required...". 18 U.S.C. §3142(b). Mr. Schwab is entitled to the presumption of innocence, *see* 18 U.S.C. § 3142(j), and the government bears the burden of proving that there is "no condition or combination of conditions" that will "reasonably assure" the Court that Mr. Schwab will appear in Court following his release. 18 U.S.C. §3142(c). Pretrial detention is the exception, not the rule, and should be reserved for "extreme cases." *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). *See also United States v Madoff*, 586 F. Supp.2d 240, 247 (S.D.N.Y. 2009) ("[I]t is only a limited group of offenders who should be denied bail pending trial.")

The Government seeks detention, asserting that since this offense carries a maximum prison term of ten years or more, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance." 18 U.S.C. §3142(c). Yet, even when the rebuttable presumption is triggered, the burden of persuasion remains on the government. In rebuttable presumption cases, the defendant bears only "a limited burden of production." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Otherwise stated, the defendant must introduce evidence that his release would not pose a danger to the community or risk of flight. *Id.* If that evidence is produced, the presumption favoring detention becomes "a factor to be considered among those weighed by the court." *Id.* At all times, however, the "government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Id.* The other factors to be considered are (1) the nature and circumstances of the offense

charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

While it remains to be seen whether Mr. Schwab will ultimately be convicted at trial of the crimes charged, it is not the Court's role at this stage of the proceedings to assess his guilt or innocence. *United States v. Jones*, 566 F.Supp.2d 288, 292 (S.D.N.Y.2008) ("the Court's function in examining the weight of the evidence is not to determine guilt or innocence."). The Court must weigh all factors in its analysis to determine the propriety of detention, and the severity of the charged offense alone should not dictate the outcome of the motion seeking release. *See e.g. United States v. Fox*, 602 F.Supp.3d 434 (W.D.N.Y. 2022), *aff'd* 2022 WL 2564600 (2d Cir. 2022) (granting release to a defendant charged with serious drug, weapon, and sex-trafficking offenses, noting that despite the "deeply disturbing" allegations, release was warranted); *United States v. Enix*, 209 F.Supp.3d 557, 564-65 (W.D.N.Y. 2016) (ordering release on conditions where the defendant was charged with a RICO conspiracy involving murder, kidnapping, robbery, drug trafficking, and obstruction of justice as its predicate acts); *United States v. Mattis*, 963 F.3d 285, 296 (2d Cir. 2020) (affirming release on $250,000 bond and home detention where the defendants were charged with throwing a Molotov cocktail into a police vehicle).

II. **THE PROPOSED CONDITIONS OF RELEASE CAN REASONABLY ASSURE MR. SCHWAB'S APPEARANCE IN COURT.**

The Court's inquiry on the question of flight is two-fold. First, the Court must determine "whether the defendant presents a risk of flight if not detained." *United States v. Enix*, 209 F.Supp.3d 557, 563 (W.D.N.Y. 2016). Second, if the Court determines the defendant is likely to flee, the court

must determine "whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released." *Id.*

Mr. Schwab has proposed conditions of release that assure his appearance in court. Mr. Schwab has proposed, through counsel, that he reside with verifiable and economically stable custodians in the Northern District of Georgia, his home state where he has strong ties. The collateral to secure the bond strongly rebuts any presumption against bond, particularly since Mr. Schwab's custodians own the home. Furthermore, Mr. Schwab is amenable to electronic monitoring and home incarceration. Use of an electronic monitoring device further rebuts the presumption against bond. *United States v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990); *United States v. Leyba*, 104 F.Supp.2d 1182, 1184 (S.D. Iowa 2000).

More than evidence of the commission of a crime and the fact of a potentially long sentence are required to support a finding of serious risk of flight. *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988). Allegations of prior criminal conduct are also not sufficient. "The purpose of a Section 3142(e) risk of flight determination … is not to detain habitual criminals or deceitful persons; it is to secure the appearance of the accused at trial." *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986).[2] Mr. Schwab's conditions assure his appearance at all court proceedings.

**III.   THE PROPOSED CONDITIONS OF RELEASE CAN REASONABLY ASSURE THE SAFETY OF THE COMMUNITY.**

The government cannot establish by clear and convincing evidence that Mr. Schwab would pose a danger to the community if he were to be released pending trial in this matter.

---

[2] At the hearing in California, the Government suggested it would present evidence of uncharged criminal conduct at the detention hearing. Counsel understands that the Government intends to produce that evidence next week in advance of the detention hearing on Wednesday, May 7.

Mr. Schwab has been charged with conspiracy to commit kidnapping, but there is no evidence that he had any direct participation in the underlying events or that he ever set foot in Connecticut. Even in a case where the allegations are serious, the severity of the claims has not prohibited courts in this Circuit from granting release where, as here, there are conditions that mitigate in favor of release. *See e.g. Fox*, 602 F.Supp.3d 434 (granting release to a defendant charged with serious drug, weapon, and sex-trafficking offenses, noting that despite the "deeply disturbing" allegations, release was warranted); *Enix*, 209 F.Supp.3d at 564-65 (ordering release on conditions where the defendant was charged with a RICO conspiracy involving murder, kidnapping, robbery, drug trafficking, and obstruction of justice as its predicate acts); *Mattis*, 963 F.3d at 296 (affirming release on $250,000 bond and home detention where the defendants were charged with throwing a Molotov cocktail into a police vehicle).

Mr. Schwab has proposed conditions that will ensure he remains under close supervision by his third-party custodians and the United States Probation Office. He has proposed participation in a location restriction program, which will allow Probation to track his whereabouts. He has proposed a condition to install monitoring software on any device that can access the internet, a condition that has been approved in comparable cases in this District and other Districts. *See e.g. United States v. Aninha Spear-Zuleta*, Docket No. 3:18cr311 (JCH), ECF No. 72 (Conditions of Release) (conditions for client charged with kidnapping and Hobbs Act robbery included condition that the defendant "must allow for monitoring software to be installed on any cell phone she uses. Defendant may not use any phone other than the phone on which monitoring is installed. Defendant shall pay all or part of the cost of the monitoring software based on her ability to pay"); *United States v. Ryan Stevenson*, Docket No. 3:20cr216 (JAM), ECF No. 7 (Conditions of Release) (for client charged with conspiracy to commit cryptocurrency theft, conditions included prohibition on accessing the internet). *See also*

*Fox*, 602 F.Supp.3d at 446 (for client charged with serious sex trafficking and drug crimes, conditions included participation in the computer/internet program administered by the United States Probation Office).

Furthermore, Mr. Schwab has no criminal history. He has strong family support, evidenced by the family's willingness to offer their home as surety for his release.

Accordingly, for reasons stated herein and more fully developed at the detention hearing scheduled for May 7, 2025, Mr. Schwab respectfully requests that his motion for release on bond be granted.

                                              THE DEFENDANT,
                                              James Schwab

Dated: May 2, 2025                        /s/ Allison M. Near
                                              Allison M. Near
                                              Jacobs & Dow, LLC
                                              350 Orange Street
                                              New Haven, CT 06511
                                              Phone: (203) 772-3100
                                              Bar No.: ct27241
                                              Email: anear@jacobslaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Allison M. Near
                                              Allison M. Near