UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | June 6, 2025 |

## DEFENDANT'S STATUS REPORT

The defendant, James Schwab, through counsel, hereby submits this status report in response to the Court's orders of May 28, 2025 (ECF No. 66) and June 2, 2025 (ECF No. 68), extending the deadline for the instant report. As discussed more fully below, the analysis by counsel has revealed that there are significant logistical hurdles to accessing any cryptocurrency, as well as potential Fifth and Fourth Amendment implications of any attempt to access that cryptocurrency. Accordingly, Mr. Schwab respectfully asks this Court to schedule a follow-up bond hearing so that the defense may address any of the Court's outstanding concerns about the bond package that was originally proposed and accepted by Magistrate Judge Vatti. In support of this motion, Mr. Schwab states as follows:

1. On May 28, 2025, the Court held a hearing on the Government's motion to revoke Magistrate Judge Vatti's order setting bond conditions. At the conclusion of that hearing, the Court indicated a subsequent hearing would be required, and that the parties needed to file a joint statement by the close of business on May 30, 2025, detailing next steps regarding the defendant's proposal to secure cryptocurrency as additional security for the bond. ECF No. 66. The Court granted the defendant's request to extend the deadline for that report to June 6, 2025.

2. During the intervening time, defense counsel has engaged in due diligence to determine the mechanism by which any cryptocurrency funds could be used as additional security for the

bond. First, defense counsel does not have access to Mr. Schwab's cryptocurrency wallets. Accordingly, defense counsel has determined in the exercise of due diligence that the inability to access cryptocurrency wallets renders them unable to propose those assets as additional security for the bond.[1]

3. Second, and perhaps more critically, a requirement that Mr. Schwab attempt to access cryptocurrency wallets implicates his constitutional rights under the Fifth Amendment, rights that attach at a detention hearing. *See generally Higzay v. Templton*, 505 F.3d 161, 172 (2d Cir. 2007). Since the parties last appeared before this Court, the Government produced discovery indicating that its investigation revealed that an account associated with Mr. Schwab downloaded several different cryptocurrency-related mobile applications. The Government further asserts that the account is connected to a phone number associated with the incident alleged in the indictment. To require Mr. Schwab to try to access any of these cryptocurrency wallets as security for the bond would infringe upon his right against self-incrimination, particularly given the Government's assertion that there are cryptocurrency applications that may be associated with a phone number associated with the alleged kidnapping. Such a requirement would also implicate Mr. Schwab's Fourth Amendment rights, as he would effectively be required to waive any challenges he may have to the search and seizure of his accounts and/or devices.

---

[1] Furthermore, undersigned counsel has inquired broadly to determine if cryptocurrency has ever been used to secure bonds in any other federal matters. To date, counsel has been unable to locate any such case and therefore cannot offer any comparable guidance for how the Court could use cryptocurrency as additional security, even absent the obstacles and constitutional concerns articulated herein.

2

4. Undersigned counsel has advised Assistant United States Attorney John Pierpont of the contents of this status report. Counsel respectfully asks the Court to schedule a subsequent bond hearing to address this report and any outstanding issues. Undersigned counsel will correspond with the Government about the parties' respective availability for a hearing and will contact Chambers to discuss the scheduling of a future hearing.

        THE DEFENDANT,
        James Schwab

Dated: June 6, 2025        /s/ Allison M. Near
        Allison M. Near
        Jacobs & Dow, LLC
        350 Orange Street
        New Haven, CT 06511
        Phone: (203) 772-3100
        Bar No.: ct27241
        Email: anear@jacobslaw.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 6, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                        /s/ Allison M. Near
                        Allison M. Near