UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

               v.                             Crim. No. 3:25-CR-30 (SVN)

JAMES SCHWAB                       June 9, 2025

## **GOVERNMENT'S REPLY FILING**

The Government respectfully submits this response to defense counsel's status report.

After the May 28, 2025 hearing, during which the Court contemplated adding the additional condition of securing the defendant's cryptocurrency assets to ensure his compliance with the terms of his release, the Government conducted a further investigation into these assets.

In particular, the Government previously had executed a search warrant on the defendant's iCloud account that was associated with the phone used to coordinate the kidnapping and carjacking that are the subject of the charge against the defendant. The phone has not been recovered by investigators. After the hearing, the Government reviewed the contents of the returns, focusing on cryptocurrency. In short, investigators found sixteen cryptocurrency-related applications, nine of which included the word "wallet" in the application, indicative of the application's ability to store cryptocurrency.

1. BitPay: Secure Crypto Wallet

2. BlueWallet - Bitcoin Wallet

3. Bybit: Buy & Trade Crypto

4. Cake Wallet

5. Coinbase: Buy Bitcoin Ether

6. Crypto.com - Buy Bitcoin, ETH

7. Exodus: Crypto Bitcoin Wallet

8. Gemini: Buy Bitcoin & Crypto

9. Keybase - Crypto for Everyone

10. Ledger Live: Crypto & NFT App

11. MetaMask - Blockchain Wallet

12. MetaTrader 5

13. Phantom - Crypto Wallet

14. SafePal: Crypto Wallet BTC NFT

15. Trust: Crypto & Bitcoin Wallet

16. Zerion Wallet: Crypto & Web3

In addition to those nine, Bybit, Coinbase, and Gemini also provide cryptocurrency storage services. Notably, as the Government has *not* recovered this device, investigators do not have visibility into what wallets the defendant used in any or all these applications or any subsequent transfer of those currencies.

The Government also has in its possession the below image, which was sent by the defendant to one of the kidnappers. It depicts an Apple laptop and a Trezor device capable of storing cryptocurrency, as discussed at the last hearing.



Neither of the devices in the image have been recovered. All this information was shared with defense counsel. And as defense counsel concedes, she cannot access his cryptocurrency wallets. *See* Doc. No. 69 at 2.[1]

     This information corroborates what the Government stated at the bond hearing -- that the defendant has assets at his disposal over which he could exercise control using any electronic device or even just a seed phrase. He could do so either himself or by directing another

---

[1] The specifics about these crypto-related applications and storage were found after the hearings before Magistrate Judge Vatti, given that the review of search warrant returns was (and remains) ongoing. So while Judge Vatti was alerted to the defendant's access to cryptocurrency and other assets, he was not provided the above list or image.

individual to do so on his behalf. And these assets cannot be secured, as defense counsel noted. This circumstance further solidifies that the defendant remains a flight risk.

Finally, the Government also uncovered text messages between an individual and the victims' son in this matter exchanged on September 24, 2024. The messages were as follows:

| Individual: | *You know the first time I heard about you* |
|---|---|
| Individual: | *You shoved that James* [SCHWAB] *kid or something* |
| Individual: | *He calls me and wanted me to get you killed* |
| Victim: | *In Miami a couple months ago* |
| Individual: | *I said no and he was like* |
| Individual: | *oh I didn't know you were getting paid to protect Indians now lol* |

This message illustrates that the defendant reached out to another person about killing the victim's son, not just Diaz – as demonstrated in Government's Exhibit A attached to its reply brief in this matter. *See* Doc. No. 64-1. This belies any contention that the defendant made a one-time bad decision to consider having the victim killed. The fact that he spoke to two separate people about killing that individual (and subsequently helped arrange to have his parents violently kidnapped) underscores the defendant's dangerousness.

In short, the Government continues to believe there are no conditions or combination of conditions that can reasonably assure the safety of the community or the defendant's appearance as necessary.

Accordingly, the Government respectfully requests that the release order be vacated, and the defendant be detained pending resolution of his criminal charges

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_____/s/_____
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
FEDERAL BAR NO. phv07973
Tel.: (203) 821-3700
Fax: (203) 773-5378
John.pierpont@usdoj.gov

_____/s/_____
KAREN PECK
ASSISTANT UNITED STATES ATTORNEY
1000 LAFAYETTE BLVD., 10TH FLOOR
BRIDGEPORT, CT 06604
FEDERAL BAR NO. ct14959
Tel.: (203) 696-3000
Karen.peck@usdoj.gov

## <u>CERTIFICATION</u>

I hereby certify that on June 9, 2025 a copy of the foregoing was filed electronically, sent via e-mail to defense counsel, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY
