UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

       v.                         Crim. No. 3:25-CR-30 (SVN)

JAMES SCHWAB                      June 13, 2025

**GOVERNMENT'S REPLY FILING**

The Government respectfully submits this response to defense counsel's status report and the Court's order dated June 10, 2025. Doc. No 73. In particular, the Court has asked the Government to respond to the defendant's assertions regarding the purported implication of the Fourth and Fifth Amendment.

In short: the defense's references to potential Constitutional violations are a red herring -- there is no Fourth or Fifth Amendment issue for the Court to address.

As a preliminary matter, the issue is moot. As counsel represented to the Court: "defense counsel does not have access to Mr. Schwab's cryptocurrency wallets [and] has determined in the exercise of due diligence that the inability to access cryptocurrency wallets renders them unable to propose those assets as additional security for the bond." Doc. No. 69 ¶ 2. Unless and until the funds can be accessed, no additional analysis is required.

Concerning the alleged Constitutional considerations, as the Court is aware, the Fourth Amendment protects the defendant from unreasonable searches and seizures by the Government, and the Government in this context is not conducting any search. Indeed, pursuant to search warrants previously obtained for various devices and iCloud accounts, the agents already uncovered evidence of various crypto-related storage applications and wallets tied directly to the defendant. As this evidence is relevant to the issue of release on bond and the Court's question

1

about assets the defendant may have, the Government informed the Court and defense counsel about these apps and wallets. What the defendant does at this point is his choice, and that choice does not implicate any Fourth Amendment right. The defense cites no case, and the Government has not found any, that holds that a defendant's decision whether to address questions in a bond hearing about available assets he may have, or steps he chooses to take to access and secure such assets, jeopardizes his Fourth Amendment rights. The argument that the defendant would "effectively be required to waive any challenges he may have to the search and seizure of his accounts and/or devices" if he were to access cryptocurrency wallets is meritless. If the accounts and/or devices already searched pursuant to warrant are his, he presumably has standing to challenge the searches and can raise a challenge during the case. If they are not his, or he does not want to claim them as his, he lacks the requisite standing and would have no ability to make a challenge in any event. So, his decision about whether to access cryptocurrency wallets now appears to have no bearing on challenges he may or may not be able to make for searches already done. And his own accessing of cryptocurrency accounts for purposes of his request for bond is not a governmental search under the Fourth Amendment.

      Neither is the defendant's Fifth Amendment right implicated. The Fifth Amendment pertains to the use by the Government of compelled communications that are testimonial and incriminating. *See United States v. Shvartsman,* 722 F.Supp.3d 276, 314 (S.D.N.Y. 2024) (citing *Hibel v. Sixth Jud. Dist. Ct. of Nev., Humboldt Cnty.,* 542 U.S. 177, 189 (2004)). Despite the defendant's characterizations, neither the Government nor the Court is *compelling* the defendant to do anything. *See id.* ¶ 3 ("[t]o *require* Mr. Schwab to try to access . . . ." and "[s]uch a *requirement* would also implicate . . . ." (emphasis added)). The Government has proffered facts and offered evidence in support of detention, including evidence that the defendant has various

2

assets accessible to him. The Court indicated that a stronger bond package would include the defendant's own funds, not just those of his parents. At this point, the defendant, with the assistance of his counsel, can decide what to do given these circumstances. He is not being interrogated, served with a subpoena that requires compliance, or facing some other compulsory process.[1]  *See, e.g., Shvartsman*, 772 F. Supp. 3d at 322-324 (no Fifth Amendment violation where defendant provided cell phone and passcode to law enforcement at airport during noncustodial interview; fact that the defendant may have felt some pressure to do so did not vitiate voluntariness of his action); *United States v. Gavino*, 2024 WL 85072, at *8-9  (E.D.N.Y. Jan. 7, 2024) (defendant's decision to open phone for law enforcement was voluntary given option for phone to be seized for a period of months for lab analysis otherwise); *United States v. Gogic*, 2025 WL 836493, at *6-7 (E.D.N.Y. Mar. 17, 2025) (defendant's decision after arrest to open phone in front of agent to avail himself of opportunity to make call was voluntary; no Fifth Amendment compulsion).

The gravamen of the defendant's argument seems to be that the specter of detention is effectively forcing the defendant to waive rights associated with the Fourth and Fifth Amendments.[2] While the Government does not agree that his Constitutional rights are at risk here, it is worth noting that defendants make countless decisions every day about whether to waive rights in connection with criminal proceedings. Most obviously, defendants across the

---

[1] The sole case cited by the defendant on this issue, *Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007), is inapposite. In that case, involving a *Bivens* action brought against a federal agent, the issue was whether the admission in a detention hearing of an admittedly coerced confession violated the plaintiff's Fifth Amendment privilege against self-incrimination, allowing the plaintiff to bring a claim against the agent for damages.  No such coercion has occurred here.

[2] As repeatedly stated at the detention hearing, however, the Government does not believe that there are *any* satisfactory conditions that would justify the defendant's release. So even if the defendant decided to make representations to the Court or provide cryptocurrency as security, the Government would still be seeking detention, belying any claim that the Government is somehow threatening the defendant to coerce him to waive the rights he claims are implicated here.

country engage in this calculus when deciding whether to testify in their own defense at trial – *i.e.,* a defendant believes he must waive his Fifth Amendment privilege and testify or else be convicted and incarcerated. Similarly, a defendant might also agree to forgo his Fifth and Fourth Amendment privileges to agree to cooperate with the Government, confess, and provide access to his cell phone to receive a lesser sentence. In both instances, the defendant's decision is motivated by avoiding incarceration, but neither scenario is prohibited by the Constitution.

The Government here has done nothing to call into question the defendant's Constitutional rights. This is not a case where the Government has subpoenaed the defendant to testify or compelled him to make a statement, both of which would be prohibited by the Fifth Amendment without some sort of immunity. Nor is it a case where the Government is forcing the defendant to provide access to a phone, which might be prohibited by the Fourth Amendment (depending on the circumstances). All the Government has done is proffered evidence and argument consistent with the Bail Reform Act. Whether and how the defendant chooses to respond is up to him and his counsel.

***

Accordingly, the Court is left with the facts it has before it to determine whether the conditions as currently proposed are sufficient to reasonably assure the safety of the community

and secure the defendant's appearance. For the reasons previously stated, the Government respectfully submits they are not.

        Respectfully submitted,

        DAVID X. SULLIVAN
        UNITED STATES ATTORNEY

        /s/
        JOHN T. PIERPONT, JR.
        ASSISTANT UNITED STATES ATTORNEY
        157 CHURCH STREET, 25TH FLOOR
        NEW HAVEN, CT 06510
        FEDERAL BAR NO. phv07973
        Tel.: (203) 821-3700
        Fax: (203) 773-5378
        John.pierpont@usdoj.gov

        /s/
        KAREN PECK
        ASSISTANT UNITED STATES ATTORNEY
        1000 LAFAYETTE BLVD., 10TH FLOOR
        BRIDGEPORT, CT 06604
        FEDERAL BAR NO. ct14959
        Tel.: (203) 696-3000
        Karen.peck@usdoj.gov

## **CERTIFICATION**

I hereby certify that on June 13, 2025 a copy of the foregoing was filed electronically, sent via e-mail to defense counsel, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/
JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY