UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.  CRIMINAL NO. 3:25-CR-30 (SVN)

JAMES SCHWAB  July 25, 2025

## MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, James Schwab, through counsel, hereby moves to modify the conditions of release imposed by this Court on July 15, 2025. *See* ECF No. 83. Specifically, consistent with this Court's order on that date, Mr. Schwab seeks to modify that condition of release that prohibits all contact with his girlfriend, Shae Waits. *See* ECF No. 90. For reasons stated herein, Mr. Schwab respectfully asks this Court to modify the condition of release to permit supervised telephone contact with his girlfriend. In support of this motion, Mr. Schwab states as follows:

1. On July 15, 2025, the parties appeared before the Court so that Mr. Schwab could be released to the custody of his parents. The Court imposed a series of very stringent conditions, including a condition that his flip phone use was limited to calls with his defense counsel and members of the defense team. As a result, any phone calls to any third-party could only occur on speaker phone in the presence of one of his parents.

2. As part of those conditions, the Court further imposed a no contact order consistent with a list furnished by the Government. As the Court indicated in its order of July 15 (ECF No. 90), Mr. Schwab, through counsel, objected to the inclusion of Ms. Waits on that list on the grounds that the Government had failed to produce any evidence substantiating their claim that she was engaged in any fraudulent conduct, and because as his long-term girlfriend, she was an important emotional support for him while this case is pending. The

    Court ordered the Government to timely produce discovery supporting its claim that his girlfriend should remain on the no contact list.

3. Pursuant to the Court's order, on July 16, 2025, the Government produced a single document, commonly referred to as an IC3 complaint, which purports to be a complaint for an individual about her SkyMiles account. *See* Exhibit A (filed under seal). There is no indication that Ms. Waits engaged in any fraudulent conduct. Instead, there appears to be some indication that Ms. Wait's name was associated with a ticket for which sky miles may have been used.

4. Since receiving this discovery, undersigned counsel has engaged in discussions with the Government to inquire why this singular document suffices to put Ms. Waits on the no contact list. Counsel has further inquired as to whether any additional support for this single document is available, including whether there was anything to substantiate that Ms. Waits ever improperly used the SkyMiles of this individual. There is no indication that Ms. Waits engaged in any fraudulent contact or had any knowledge of any impropriety, and the Government has further failed to demonstrate that Ms. Waits ever used a plane ticket that was fraudulently purchased with a third-party's SkyMiles. Despite the lack of any information to substantiate the Government's claim, the Government remains committed to keeping Ms. Waits on the no contact list.

5. Since Mr. Schwab's arrest, Ms. Waits has been a constant source of support and encouragement. Indeed, the Government conceded at one of the many hearings before this Court that it closely monitored Mr. Schwab's phone calls and text exchanges while he was at Wyatt, and there was nothing of concern in his communications with Ms. Waits. Such protective factors should be encouraged during the course of pretrial release,

particularly when Mr. Schwab is subject to such strict conditions of release. Certainly, all relevant parties should want to see him succeed.

6. Furthermore, the conditions that are currently in place mitigate against any of the Government's concerns. Presently, Mr. Schwab may only use his flip phone to contact his attorneys and members of the defense team. Any other phone call must be made by one of his parents, and Mr. Schwab must participate in that call by speaker phone. It is unclear, given his parents' obligations as third-party custodians, how anything nefarious would transpire under those circumstances. Ms. Waits has no criminal record and is not alleged to have any involvement in the subject offense. To include her on this list is punitive, and inconsistent with the parameters set by the Bail Reform Act.

7. When imposing conditions of pretrial release, the Court "has a duty to select the 'least restrictive further condition, or combination of conditions, that...will reasonably assure the appearance of the person as required and the safety of any person and the community'." 18 U.S.C. 3142(c)(1)(B). A "no contact" restriction is clearly discretionary, and not mandatory. *See* 18 U.S.C. 3142(c)(1)(B) (stating that conditions of pretrial release "may" include no-contact restrictions). Prohibiting all contact is not the least restrictive condition, particularly when the Government has failed to substantiate the claim made in Court that Ms. Waits has "engaged in fraudulent conduct with Mr. Schwab...and that she engaged in conduct related to the alleged hacking of other individuals' American Airlines frequently flyer accounts." Order, ECF No. 90.

8. Accordingly, the inclusion of Ms. Waits on the no contact list exceeds what is required to reasonably assure Mr. Schwab's appearance in Court and reasonably assure the safety of the community. *See e.g., United States v. Lee*, 972 F.Supp.2d 403, 408 (E.D.N.Y. 2013)

3

(holding in a child pornography case that an order requiring the disclosure of the defendant's mental health sessions was an improper condition given that it was not necessary to assure the safety of the community); *United States v. Martinez*, 2021 WL 4169789, at * (S.D. Iowa, Sept. 13, 2021) (modifying conditions of release to permit married co-defendants to have contact during their period of pretrial release).

WHEREFORE, Mr. Schwab respectfully asks the Court to modify the conditions of release to remove Ms. Waits from the Government's no contact list. Given the dearth of evidence to support the Government's claim that she engaged in any fraudulent conduct, such a condition exceeds the bounds of what is permitted under the Bail Reform Act, namely that the Court impose the *least* restrictive condition to assure the appearance of the defendant, and the safety of the community.

          THE DEFENDANT,
          James Schwab

Dated: July 25, 2025          /s/ Allison M. Near
          Allison M. Near
          Jacobs & Dow, LLC
          350 Orange Street
          New Haven, CT 06511
          Phone: (203) 772-3100
          Bar No.: ct27241
          Email: anear@jacobslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 25, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Allison M. Near
Allison M. Near