UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.  Crim. No. 3:25-CR-30 (SVN)

JAMES SCHWAB  August 1, 2025

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY**

Pursuant to the Court's Order, Doc. 94, the Government submits this response to the defendant's Motion to Modify Conditions of Release. Doc. 91. The defendant seeks to have the person referred to herein as "S.W." removed from the no-contact list referred to in the Court's Order Setting Conditions of Release. Doc. 83. Through this Response, the Government provides the basis for its inclusion of S.W. on that list.

The persons the Government included are those persons known to be associated with the defendant whom the Government has reason to believe had engaged in criminal conduct, given the concern about the defendant communicating with people who have participated in such conduct. Several people on the list, including S.W., had been disclosed by American Airlines as having accessed and used reward miles stolen from American Airline Advantage accounts, accomplished by compromising the site and appropriating miles awarded to Advantage account holders. The miles were used for travel on American Airlines flights. We are aware that an Advantage account holder's name also was used to obtain a credit account, via a Hong Kong-based entity, and that credit account was used to pay for various expenses in the kidnapping scheme charged in this and the related case. Thus, the cybercrime involving American Airlines Advantage accounts also included identity theft, something the defendant has done in other situations as well.

1

The FBI learned of this scheme through complaints filed by victimized Advantage account holders with the Internet Crime Complaint Center ("IC3"), run by the FBI and the National White Collar Crime Center and serving as a centralized repository and dissemination point for cybercrime referrals. IC3 received several complaints about the theft of American Airline Advantage miles by James Schwab and by others associated with him, including S.W. The account holders were informed by American Airlines of the names of persons who had used the stolen miles for travel, according to the airline's records. Those persons were then named in the complaints made to IC3. All the complaints the agent received named James Schwab and/or persons the agents knew were his associates.

We provided defense counsel with the complaint that named S.W. and another Schwab associate. As noted, there were other complaints about the theft of Advantage miles by Schwab and his associates. All told, the group stole hundreds of thousands of miles.

We are also aware, from recorded calls between the defendant and S.W. (calls that have been provided to the defense in discovery), that she was making efforts to sell various items at the defendant's direction, including jewelry, to obtain cash. In addition, S.W. informed the defendant about her efforts to transfer the title of a vehicle that had been in the defendant's possession before his arrest. The defendant gave S.W. the name of someone who could help her with this.

We received the letter sent by S.W.'s lawyer, Aaron Katz, to the Court (although not docketed) and wanted to address certain statements made by him. Attorney Katz reached out to the case agent and informed him that he represented S.W. The agent understood counsel to be alerting him so that any contact with S.W. would go through counsel, as often occurs during investigations. Attorney Katz did not suggest to the agent that he could provide information

about the American Airlines Advantage matter or indicate any topic that he or his client wanted to discuss with the Government. Neither did he ask to discuss her inclusion on the no-contact list or suggest he had reason to believe she should be taken off that list. He merely alerted the agent to the fact of his representation as a general matter. This District likely lacks venue to prosecute the cybercrime involving the hacking of the American Airlines Advantage site, so while the scheme is relevant to the question of the defendant's release on bond and ultimately may provide evidence relevant to the captioned case, the matter is not something we would necessarily reach out to discuss with S.W.'s counsel at this stage. Accordingly, his suggestion that our lack of contact with him is suggestive of anything at all is completely specious. Had he wanted to present information to us about her participation or lack thereof in the theft of Advantage miles, he could have said so. He did not.

In the Government's view, the defendant poses a significant risk both for continued criminal conduct and for flight. That is why we moved to detain him and sought an appeal of the magistrate's order releasing him. The Court's Order certainly indicates a recognition that significant, restrictive conditions should apply here. Ensuring that the defendant does not have contact with those who have been involved in past criminal conduct with him or his associates would seem to be a reasonable condition. S.W. falls into that category based on the information we have.

Pursuant to the Court's direction, undersigned counsel contacted United States Probation Officer Kaitlyn Wentz to ascertain her position on the defendant's motion. She informed me that

the Probation Office is not taking a position on this matter.

                                        Respectfully submitted,

                                        DAVID X. SULLIVAN
                                        UNITED STATES ATTORNEY

                                        _____/s/_____
                                        KAREN PECK
                                        ASSISTANT UNITED STATES ATTORNEY
                                        1000 LAFAYETTE BLVD., 10TH FLOOR
                                        BRIDGEPORT, CT 06604
                                        FEDERAL BAR NO. ct14959
                                        Tel.: (203) 696-3000
                                        Karen.peck@usdoj.gov


## **CERTIFICATION**

      I hereby certify that on August 1, 2025 a copy of the foregoing was filed electronically, sent via e-mail to defense counsel, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        _____/s/_____
                                        KAREN L. PECK
                                        ASSISTANT UNITED STATES ATTORNEY