# AARON KATZ LAW

399 Boylston Street, 6th Floor
Boston, MA 02116

---

Aaron M. Katz
(617) 915-6305
akatz@aaronkatzlaw.com

August 1, 2025

VIA EMAIL

Honorable Sarala Nagala
U.S. District Judge
District of Connecticut
450 Main Street, Suite 108
Hartford, CT 06103

Re: U.S. v. James Schwab, No. 3:25-cr-30

Dear Judge Nagala:

      I represent Shae Waits. As the Court is aware, Ms. Waits is the girlfriend of defendant James Schwab. Although Ms. Waits is a non-party to this action, she has a substantial interest in the Court's resolution of the government's request to prohibit Mr. Schwab from having any contact with her (ostensibly through the conclusion of Mr. Schwab's case). Mr. Schwab is an enormously important person to Ms. Waits. He is not just her boyfriend; he is her best friend. Given that Mr. Schwab has pled not guilty, including Ms. Waits on a "no-contact" list would cause her to be deprived of any relationship with Mr. Schwab for a prolonged period of time, as Mr. Schwab's trial presumably would take place no earlier than mid-2026. This would be unfair and unwarranted.

      The Bail Reform Act makes clear that a "no-contact" order is a permissible condition of pre-trial release only insofar as it is necessary to "assure the appearance of the [defendant] as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(c)(1)(B). Federal courts also have recognized that a "no-contact" order imposed on a criminal defendant implicates the First Amendment's freedom of association. *See, e.g.*, *United States v. Arzberger*, 592 F. Supp. 2d 590, 603-604 (S.D.N.Y. 2008). Here, it is not only Mr. Schwab's First Amendment rights that any "no-contact" order would implicate; Ms. Waits's First Amendment association rights concomitantly are at stake as well.

      Ms. Waits is an accomplished young woman with no criminal history. She comes from a loving, supportive family with substantial connections to the legal system—her grandfather is a judge, her great-grandfather was one of the longest-serving judges in the history of Nevada, and her uncle was a long-tenured FBI agent. I am not aware of any facts plausibly suggesting that allowing Mr. Schwab to have contact with Ms. Waits would jeopardize Mr. Schwab's appearance

or endanger anyone in the community in any way. The prosecutors certainly have not provided me any evidence that could rationally support their proposed "no-contact" order. Indeed, the prosecutors have not contacted me at all, despite having known for several weeks that I represent Ms. Waits.

On July 9, 2025, I proactively reached out to the lead FBI case agent on Mr. Schwab's case to inform him of my representation of Ms. Waits. I advised the case agent that I would be happy to speak with him or the prosecutors at any time. I did not receive any response to my outreach until July 14, when the case agent wrote me that "we'll reach out to you with our AUSA in the near future." That was the first and last communication I have received from anyone on the prosecution team. In the interim, the prosecutors apparently have filed pleadings with this Court alleging that Ms. Waits was involved in some sort of scheme to steal frequent flier miles—allegations that not only are false, but also utterly irrelevant to the charges against Mr. Schwab and totally insufficient to justify a "no-contact" order under the Bail Reform Act. If there were a lick of truth—or relevance—to the prosecutors' miles-theft allegations, I would have expected the prosecutors at least to attempt to speak with me. Instead, it has been complete silence.

I respectfully request that the Court deny the government's request to prohibit Mr. Schwab from having any contact with Ms. Waits.

Sincerely,


Aaron M. Katz

Cc: All counsel of record