UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 3:25-CR-30 (SVN) |
| JAMES SCHWAB | : October 21, 2025 |

## MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, James Schwab, through counsel, hereby moves to modify his conditions of release. In particular, Mr. Schwab seeks to (1) modify the limits placed on visitors to the home (specifically, the limits placed on his girlfriend, S.W.); (2) modify his conditions related to his location monitoring program; (3) permit the United States Probation Office to approve overnights at the Atlanta area residence where appropriate; and (4) permit a family member to serve as a temporary third-party custodian so that Mr. Schwab may be at home without a parent present. Undersigned counsel has discussed the proposed conditions at length with Mr. Schwab's supervising probation officer in the Northern District of Georgia (USPO Ben Heath) and his counterpart in the District of Connecticut (USPO Kaitlyn Wentz). Counsel has also consulted with the Government (Assistant United States Attorney Karen Peck) about each of the proposed modifications. Their respective positions regarding the proposed modifications are detailed below.

1. On July 15, 2025, this Court released Mr. Schwab on conditions of release, which included the following conditions: (1) that he submit to location monitoring and remain on home incarceration (ECF No. 83, ¶ 7(q)); (2) that at least one of his custodians must be present in the home at all times to supervise Mr. Schwab (ECF No. 83, Add'l Conditions ¶ 3); (3) that only immediately family members and significant others shall be permitted to visit the residence (ECF No. 83, Add'l

Condition ¶ 5); and (4) that his location monitoring would restrict his movement to the residence and would not permit access to outdoor spaces on the property (ECF No. 83, Add'l Condition ¶ 10).

2. On August 22, 2025, the Court modified Mr. Schwab's conditions of release to permit him to spend time outside of the house (specifically, spend time in the outdoor spaces surrounding the home and spend one hour outside the home while accompanied by a parent), to permit him to attend appointments with advance approval from Probation, and to permit his parents to have up to four visitors at one time with restrictions. ECF No. 121. On September 12, 2025, the Court granted Mr. Schwab's July 25, 2025, motion asking for his girlfriend, S.W., to be removed from the no contact list. ECF No. 127. Specifically, the Court ordered that the no contact condition between Mr. Schwab and S.W. be removed, and that he would be permitted to have telephonic contact with her on speaker phone in the presence of one of his parents. *Id.*

3. Mr. Schwab has continued to be fully compliant with the conditions of release. His supervising probation officer in the Northern District of Georgia reports no concerns about his compliance with the conditions imposed.

4. Given his compliance for more than thirty days, Mr. Schwab now seeks to modify his conditions of release as follows:

   a. As stated above, S.W. has been removed from the no-contact list. Accordingly, Mr. Schwab seeks a modification of the condition that would permit S.W. to visit his home under the same restrictions as any other visitors to the home (that she leave any electronic devices in her vehicle and/or that she password or

    biometrically protect any device brought into the home). Probation has indicated that there is no objection to this condition permitted that S.W. abides by the current guidance for visitors to the home and refrains from discussing the case. The Government has no objection to this modification on the condition that she not bring any electronic devices into the residence or otherwise make them accessible to the defendant.

b. Modify his location restriction program from home incarceration to home detention to enable Mr. Schwab to have additional time outside the home in the company of one of his parents. Mr. Schwab proposes that the terms of his home confinement be consistent with that indicated in the standard conditions of release that he would be "restricted to [his] residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office." Such a modification would expand the scope of permitted activities outside the home while requiring the approval of the United States Probation Office. Although Mr. Schwab's supervising probation officer in Georgia proposed a curfew as the preferable alternative, the Connecticut United States Probation Office proposes that a move to home detention is preferable and has no objection to such a modification. The Government defers to the United States Probation Office regarding this proposed modification.

c. Permit the United States Probation Officer in the Northern District of Georgia to approve, with 48 hours' notice, overnights at the Atlanta area residence for those

      days that Mr. Schwab has an early or late appointment in Atlanta. As with any other time outside the home, Mr. Schwab would be accompanied by a parent. Mr. Schwab's supervising officer indicated that he could establish a zone around the home, and Mr. Schwab has no objection to a home assessment of the Atlanta home if the Court deems that necessary. Probation has no objection to this proposed modification. The Government defers to the United States Probation Office regarding this proposed modification.

d. Mr. Schwab renews his request that another family member (specifically, Mr. Schwab's oldest brother) be permitted to periodically serve as a temporary third-party custodian. Presently, Mr. and Mrs. Schwab cannot leave the residence together. This proposed condition would permit them to be away from the residence at the same time while ensuring that Mr. Schwab continues to be supervised. The Connecticut United States Probation Office spoke with Mr. Schwab's oldest brother relative to the prior motion to modify and has explained the obligations of the third-party custodian, which he acknowledges and understands. Probation defers to the Court on this proposed modification. Undersigned counsel has provided background information regarding the proposed temporary custodian to the Government. The Government has no information to suggest that he could not be a custodian so long as he is fully informed as to the obligations of a third-party custodian and accepts the responsibilities of that role.

WHEREFORE, the defendant respectfully requests that this motion be granted. Counsel proposes that all other conditions remain in effect.

                                              THE DEFENDANT,
                                              James Schwab

Dated: October 21, 2025              /s/ Allison M. Near
                                              Allison M. Near
                                              Jacobs & Dow, LLC
                                              350 Orange Street
                                              New Haven, CT 06511
                                              Phone: (203) 772-3100
                                              Bar No.: ct27241
                                              Email: anear@jacobslaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 21, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Allison M. Near
                                              Allison M. Near

6